UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In Re:

JOHN L. BORNEMANN, JR.,

Debtor.

Case No. 07-cv-528-JPG
Appeal from Bankr. Case No. 07-30104

**MEMORANDUM AND ORDER**

This matter comes before the Court on appeal of an order in the Chapter 13 bankruptcy proceedings of debtor John L. Bornemann, Jr. ("Debtor"). The Debtor filed his Chapter 13 bankruptcy petition in January 2007 (Bankr. Doc. 1). The Amended Chapter 13 Plan included monthly maintenance payments to Fanina Knight ("Knight"), the Debtor's former wife, as a priority claim. It did not, however list her claim to half of the Debtor's retirement plan, awarded in a 2003 dissolution of marriage proceeding, as a priority claim as she had requested. The Trustee objected to its omission as a priority claim in the Amended Chapter 13 Plan (Bankr. Doc. 34), and the Debtor objected to designating it as a priority claim (Bankr. Doc. 30). Knight responded to the Debtor's objection (Bankr. Doc. 40). After a hearing on June 14, 2007, in an order dated July 20, 2007, the Bankruptcy Court found that it was not a priority claim, sustained the Debtor's objection and overruled the Trustee's objection (Bankr. Doc. 50). It is from this order that Knight appeals (Bankr. Doc. 51; Doc. 1).

The Court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). In a bankruptcy appeal, the bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013; *see In re Krueger*, 192 F.3d 733, 737 (7th Cir. 1999). Where questions of law are concerned, the district court reviews the bankruptcy court's ruling *de novo. Id.* at 737. The Court may affirm, modify or reverse a

bankruptcy judge's judgment, order or decree or it may remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.

The only issue in this case is whether the Debtor's obligation to Knight to give her one half of his retirement plan – $26,928 – is a domestic support obligation. A "domestic support obligation," defined by 11 U.S.C. § 101 (14A) to include debts "in the nature of alimony, maintenance, or support" of a former spouse established in a divorce decree, is not dischargeable because it is a priority claim. 11 U.S.C. §§ 507(a)(1)(A) & 1322(a)(2); *see In re Maitlen*, 658 F.2d 466, 468 (7th Cir. 1981) (applying 11 U.S.C. § 523(a)(5), the predecessor of § 507(a)(1)(A)). On the other hand, a debt that results from a property settlement is dischargeable as a general unsecured claim. *In re Coil*, 680 F.2d 1170, 1171 (7th Cir. 1982). The sole area of dispute is whether the debt is "in the nature of alimony, maintenance or support." Because Knight contends the debt is nondischargeable, she bears the burden of proof by a preponderance of the evidence. *See Kolodziej v. Reines (In re Reines)*, 142 F.3d 970, 973 (7th Cir. 1998); *In re Slingerland,* 87 B.R. 981, 984 (Bankr. S.D. Ill. 1988). Furthermore, the Court construes the exception to discharge of the debt strictly against Knight and liberally in favor of the Debtor. *See In re Reines*, 142 F.3d at 972-73.

Whether a debtor's obligation is "in the nature of alimony, maintenance or support" or is a division of property depends on the parties' intent at the time of the dissolution of marriage. *In re Reines*, 142 F.3d at 973; *In re Pearce*, 245 B.R. 578, 583 (Bankr. S.D. Ill. 2000) (citing *In re Woods*, 561 F.2d 27, 29 (7th Cir. 1977)); *Sterna v. Paneras (In re Paneras)*, 195 B.R. 395, 402 (Bankr. N.D .Ill. 1996); *In re Slingerland,* 87 B.R. at 984). To discern such intent, a Court may consider the parties' testimony, the relevant pleadings and the language and structure of the dissolution of marriage judgment itself. *In re Pearce*, 245 B.R. at 583. While labels attached to

obligations in the dissolution judgment are probative of the parties' intent, the Court is not bound by them. *In re Reines*, 142 F.3d at 972.

The Bankruptcy Court found that the debt to Knight was a division of property and not "in the nature of alimony, maintenance, or support." The Bankruptcy Court noted that the parties had stipulated to the following facts:

> A judgment of dissolution was entered on January 1, 2003 (the "Judgment"). Per the Judgment, Debtor was ordered to pay Knight $767 in maintenance until he turned 65 or was physically unable to work. This provision was contained in the Judgment in a section labeled "Spousal Support." Under the section labeled "Division of Property," Knight was awarded, among other things, one-half of Debtor's retirement plan (the "Plan"). The Judgment indicates that the parties were to prepare and submit a Qualified Domestic Relations Order ("QDRO") to this effect.
> On May 8, 2003, Debtor received a letter from his pension administrator informing him that the Plan was being terminated and that he would receive a lump-sum distribution. On May 29, 2003, a check in the amount of $41,815.19 was issued to Debtor consistent with the letter. On or about March 25, 2004, Knight finally submitted the QDRO, but by then the Plan proceeds had already been distributed to and spent by Debtor.

The Bankruptcy Court further noted that the Debtor's obligation to pay Knight half of his retirement plan arose under the section of the Judgment labeled "Property Division" and that there was no evidence that the parties intended the debt to be "in the nature of alimony, maintenance, or support."

In this appeal, Knight notes that the Bankruptcy Court failed to acknowledge that the parties had stipulated that Knight would testify "it was the intent that the money from the pension would be used for her to fall back on once her maintenance terminated on Debtor's 65th birthday." Knight cites to a transcripts of the Bankruptcy Court proceedings in support of this stipulation, but she has failed to submit that transcript to be included in the record on appeal.

This Court held a hearing on March 20, 2008, at which the parties clarified that "the

intent" to which Knight stipulated was her personal intent, not the mutual intent of the Debtor and her.

In light of this clarification, the Court will affirm the Bankruptcy Court's order. The sole evidence of the *mutual intent* of the parties is the placement of the pension fund allocation in the property division section of the dissolution documents. Knight's stipulation as to her own *personal* intent is not indicative of the *mutual intent* of the parties at the time of the dissolution, which is the relevant inquiry. Thus, the Bankruptcy Court was not wrong to find she had not carried her burden of proving by a preponderance of the evidence an exception to discharge.

The Bankruptcy Court having considered the relevant evidence and having drawn a conclusion that is not clearly erroneous, the Court **AFFIRMS** its July 20, 2007, order and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 21, 2008**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**